**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANICE B. KELLY,

    Plaintiff,

vs.                                           Case No. 3:24-cv-990-MMH-SJH

AVA HILL, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On September 25, 2024, Plaintiff Janice B. Kelly initiated this action by filing pro se a form Complaint for a Civil Case (Doc. 1; Complaint). Upon review, the Court finds that the Complaint is due to be stricken as it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)).

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a

---

[1] In citing to Riley, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir.

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). However, despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

In addition, Rule 10 requires a plaintiff to state her claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." Id. Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not."

---

2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what a plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Here, Plaintiff fails to present "a short and plain statement of the claim showing that" she is entitled to relief.  Rule 8(a)(2).  In the Complaint, Plaintiff identifies several potential causes of action—"Discrimination ADA, Retaliation, Hostile Work Environment, Harassment, Defamation of Character." Complaint at 3.  And with the Complaint, Plaintiff submits a list of allegations set forth in numbered paragraphs.  However, Plaintiff fails to connect these allegations to her particular causes of action.  Indeed, Plaintiff fails to use separate counts as required by Rule 10 such that the Court cannot discern which allegations

support which claims.  Likewise, Plaintiff names several Defendants in the Complaint but fails to identify which claim pertains to which Defendant.  Thus, it is difficult for the Court to determine what precisely Plaintiff is claiming, and it will be impossible for Defendants to frame a responsive pleading.[2]

In light of the foregoing, the Court will strike the Complaint for failure to comply with Rules 8 and 10, and direct Plaintiff to file an amended complaint. In the amended complaint, Plaintiff must: (1) use numbered paragraphs and separate counts, (2) identify which claims are against which Defendants, and (3) describe in sufficient detail the factual basis for each of the claims and how each Defendant is responsible.  See Rules 8(a)(2), 10(b).  Plaintiff is cautioned that failure to do so may result in the dismissal of this action.

Prior to filing her amended complaint, the Court encourages Plaintiff to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA).  Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program.  Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court.  Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment.   More

---

[2] The Court also notes that Plaintiff's handwritten allegations are difficult to read.  If Plaintiff has access to a typewriter or computer, she should consider submitting her filings in typewritten form.  Plaintiff is cautioned that allegations which the Court is unable to decipher will not be considered.

information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[3]  In accordance with the foregoing, it is

**ORDERED**:

1. Plaintiff's Complaint for a Civil Case (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **October 18, 2024**.  Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, on September 27, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[3] In preparing the amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov).  Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers."  In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer."  If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.