UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANICE B. KELLY,

    Plaintiff,

v.                                         Case No. 3:24-cv-990-MMH-SJH

AVA HILL, et al.,

    Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte upon review of Plaintiff's Second Amended Complaint (Doc. 9), filed on November 12, 2024. Plaintiff, proceeding pro se, initiated this action by filing a form Complaint for a Civil Case (Doc. 1; Complaint). On September 27, 2024, the Court entered an Order (Doc. 5; September 27th Order) striking the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)). In the September 27th Order, the Court explained some of the rules of pleading that apply in federal court and identified many of the problems with the Complaint as drafted. The Court instructed Plaintiff to file an amended complaint and cautioned Plaintiff that failure to file an amended complaint consistent with the Court's directives may result in the dismissal of this action. See September 27th Order at 4.

Plaintiff filed her First Amended Complaint for a Civil Case (Doc. 6; First Amended Complaint) on October 17, 2024. On October 21, 2024, the Court entered an Order (Doc. 8; October 21st Order) again striking the First Amended Complaint for Plaintiff's failure to comply with Rules 8 and 10, as well as the September 27th Order. See October 21st Order at 3. The Court explained that Plaintiff failed to set forth her claims in separate counts or identify which claims she sought to bring against which Defendants. Id. at 2. Likewise, the Court noted that while Plaintiff identified several federal laws as the basis for federal question jurisdiction over this action, she failed to assert any claims under those laws in the Statement of Claims section of her First Amended Complaint. Id. Thus, the Court struck the First Amended Complaint and gave Plaintiff "one final opportunity to properly draft her pleadings." Id. at 3. In doing so, the Court "cautioned that failure to comply with the requirements of the Court's Order and Federal Rules of Civil Procedure may result in the dismissal of this action without further notice." Id.

Upon review of the Second Amended Complaint, the Court finds that Plaintiff has once again failed to comply with this Court's Orders and the Federal Rules of Civil Procedure. While it appears that Plaintiff made some attempt to remedy the deficiencies noted in the Court's prior Orders, the Second Amended Complaint is still deficient such that the Court is unable to discern precisely what claims Plaintiff is alleging. For example, in Paragraph 1 of the

Second Amended Complaint, Plaintiff lists federal statutes (Title VII of the Civil Rights Act of 1964 and the "ADA Rehabilitation Act") but does not tie these laws to any particular facts. Elsewhere in her Second Amended Complaint, Plaintiff similarly identifies other laws, such as the Fair Labor Standards Act, the ADEA, and § 1983, without tying them to any facts or causes of action. Additionally, throughout the Second Amended Complaint Plaintiff improperly combines multiple causes of action into a single count, including claims governed by different statutes. See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.").

Adding to the confusing nature of the Second Amended Complaint is Plaintiff's failure to sufficiently identify what claim she seeks to pursue against each Defendant. While Plaintiff includes the identifiers of "Plaintiff," "Defendant," or "Defendants" at the start of each paragraph, it is still unclear precisely which Defendant is responsible for each alleged act or what cause of action Plaintiff seeks to assert against each Defendant. See Weiland, 792 F.3d at 1323 ("[T]here is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."). The Court cautioned Plaintiff about this precise problem in both of

the Court's previous Orders. See September 27th Order at 4; October 21st Order at 2.

Significantly, this Court has the "inherit authority to dismiss a complaint on shotgun-pleading grounds." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020).[1] Before doing so, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). Where the pleader fails to remedy the deficiencies after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted. See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018). Here, Plaintiff has already been given two chances to amend her pleading to comply with this Court's Orders and the Federal Rules of Civil Procedure. Notably, in one of the Court's prior Orders, the Court directed Plaintiff to resources to assist pro se plaintiffs and to help her in drafting a proper complaint. See September 27th Order at 4-5. On this record, the Court is convinced that Plaintiff is unable or unwilling to comply

---

[1] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

- 4 -

with the Court's directives and that nothing less than dismissal will suffice. See Sarhan, 800 F. App'x at 772. "Even pro se plaintiffs must comply with pleading rules or face judgment day," Tran, 817 F. App'x at 915, and for Plaintiff that time has come. Despite the Court's guidance and opportunities to remedy her pleadings, the Second Amended Complaint remains an improper shotgun pleading that fails to properly identify the claims raised or to give Defendants notice of the claims against them. As such, dismissal of this action is appropriate.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Second Amended Complaint (Doc. 9) is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court is directed to enter judgment, terminate any deadlines or pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of December, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc34

Copies to:

Pro Se Party